## THE GRAND MANAN (four cases).

### (District Court, D. Maine. September 9, 1914.)

### Nos. 215, 244, 245, 248.

ADMIRALTY (§ 93*)—PRACTICE—INTERLOCUTORY DECREE—VACATION—ADDI-
TIONAL EVIDENCE.

An interlocutory decree, holding a steamer solely at fault for a collision,
having been entered, it would not be set aside to enable the introduction
of additional evidence of the fireman on the dredge with which the steamer
collided, who had been examined and cross-examined at the trial; it not
appearing therefrom what the fireman's testimony is; but merely that he
has some undisclosed knowledge.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 674–679; Dec.
Dig. § 93.*]

In Admiralty. Libels by the Bay State Dredging Company, Limited,
by Frank Silva and others, and by Daniel F. Warren, as administra-
tor, against the steamer Grand Manan, the Grand Manan Steamboat
Company, claimant; also by the Grand Manan Steamboat Company
against the Bay State Dredging Company, Limited. On petition
to reopen interlocutory decrees holding the Grand Manan solely at
fault for the collision in controversy, to receive additional evidence.
Denied.

See, also, 208 Fed. 583.

Blodgett, Jones & Burnham and T. F. McAnarney, all of Boston,
Mass., for Bay State Dredging Co.

Benjamin Thompson, of Portland, Me., Edward S. Dodge, of Bos-
ton, Mass., and George J. Clarke, of St. Stephen, New Brunswick, for
Grand Manan Steamboat Co.

HALE, District Judge. A petition of the Grand Manan Steamboat
Company now seeks to reopen the interlocutory decrees for the pur-
pose of receiving further evidence. The causes were heard February
12, 1913; arguments were made before me September 15, 1913; an
opinion was filed holding the steamer Grand Manan solely in fault for
the collision. Interlocutory decrees were thereupon entered. The cases
were referred to an assessor to hear and report the extent of damages
sustained by the respective libelants. No report has been entered by the
assessor.

The petition now before me recites that one Arthur B. Dixon, the
fireman employed by the Bay State Dredging Company, Limited, on
dredge No. 4 at the time of the collision, referred to in the libels, and
later employed as an engineer on the dredge, and who testified for the
libelant in the cause, knows of certain material facts and circumstances
which have hitherto been wholly unknown to the Grand Manan Steam-
boat Company, or its officers, agents, and proctors, which knowledge,
from the nature of the case, has hitherto been wholly inaccessible to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

such officers, agents, and proctors, and which knowledge has been even now only partially disclosed to them; that Dixon has, without any solicitation, offered to testify to such material facts and circumstances; and that, in the judgment of the officers of said Grand Manan Steamboat Company and of its proctors (so far as the latter are acquainted with such facts and circumstances), the testimony of said Arthur B. Dixon is of the most important and material character, and should be received and made a part of the record of this court.

The prayer of the petition is that the court will reopen the decrees; that Dixon be examined before the court and by the court, or that otherwise Dixon may be examined before the court after the proctors for the steamboat company shall have conferred with him, and shall have duly prepared him to testify before the court; that, in either event, his evidence be made a part of the record in these causes; and that the court will make such further orders and decrees as justice may be found to require.

The petition presents many features not generally found in cases where a rehearing is sought on the ground of subsequently discovered evidence. It seeks to reopen the record for the purpose of introducing certain testimony. It does not set forth the substance of the testimony, either by an affidavit of the witness or by statement of proctors. It presents merely the fact that the witness is possessed of certain knowledge which has not been hitherto disclosed, and which the officers of the steamboat company think is material. It does not show how far the learned proctors are advised with regard to the proposed testimony; but that, so far as they are acquainted with it, they too, think it material and important. No case has been brought to my attention which proves very helpful in the decision of this matter. The learned proctors for the petitioner have placed before me the record in the collision case of the schooner Rabonni and the barkentine Nellie E. Rumball, in which the libel Stewart v. Rumball was filed in the District Court of Maine in January, 1889. The record is found in the Circuit Court of this district, to which court the case was appealed after a decision by Judge Webb in the District Court. In that matter, Judge Putnam was dealing with a petition to receive the deposition of the second mate of the barkentine, who could not be procured at the trial in the District Court, and whose absence was the subject of explanation on the part of proctors and of comment by Judge Webb, who specially found that the efforts to secure the testimony of the second mate and the two seamen on the lookout and at the wheel at the time of the collision fully relieved the owners of the barkentine from any prejudice that might arise from the nonproduction of the witnesses. The testimony of the second mate was of great importance; and when he arrived in Boston, the very day upon which Judge Putnam made his decree, there was strong reason for his testimony to be brought before the court. Judge Putnam vacated the decree, and allowed the deposition of the witness to be received.

In the case before me, the witness Dixon was the fireman on board the dredge. He was carefully examined at the trial; he was cross-exam-

ined by Mr. Thompson, in behalf of the steamer, with great care and skill. I have carefully reviewed his testimony in the record. I find nothing in his examination or cross-examination to indicate that he did not tell all he then knew. The learned proctors for the steamer do not give unqualified indorsement to the proposition of the officers of the steamboat company that his further testimony, now sought to be introduced, is material. They present all they have, and leave the whole matter to the discretion of the court. They have acted with a distinct appreciation of their rights and their duties in the premises, and with entire delicacy with reference to interfering with witnesses who were upon the other vessel, having in mind the decisions of the admiralty courts touching this subject; among other things, they have brought to my attention the language of this court in Palmer v. Merchants' & Miners' Transportation Co. (D. C.) 154 Fed. 683, 701, where I referred to The Monticello, 1 Lowell, 184, 188, Fed. Cas. No. 9,739.

It has been well said by Judge Dodge in McDonald v. The Steam Tug Teaser, 217 Fed. 920, in the district of Massachusetts, December, 1913, that only exceptional circumstances can justify reopening a case once submitted and decided on its merits, for the purpose of receiving further testimony. I cannot be justified in reopening this case, unless strong reasons appear for believing that injustice would otherwise be done. The reasons presented do not appear to me sufficiently sound and substantial to call for such exercise of judicial discretion. From anything that is now before me, I think the interests of justice do not require me to vacate the decree of the court and to reopen the causes.

The petition is denied.